## DAVEY v. W. G. HECHT, Inc.
### No. 8964.

Court of Civil Appeals of Texas. San Antonio.

Jan. 11, 1933.

S. L. Gill, of Raymondville, for appellant.

A. B. Crane and J. G. Foster, both of Raymondville, for appellee.

SMITH, J.

This action was brought by W. G. Hecht, Inc., a Minnesota corporation, against Bess Davey, to recover the amount of a note executed by the latter and payable to the former. The corporation recovered as prayed for against Bess Davey and the sureties upon her replevy bond in an ancillary attachment proceeding. Bess Davey has appealed.

■ Appellant does not deny the execution of the note, or claim any lack or failure of consideration therefor, or question the amount claimed to be due and recovered thereon. She simply defended. upon the ground that appellee was a foreign corporation engaged in business in Texas without a permit therefor from the state, as provided by familiar statutes.

We conclude that the asserted defense was not available to appellant, for the reason, if no other, that the evidence shows, and the trial judge found the fact to be, that the transaction was one clearly within interstate commerce, entitling appellee to maintain its suit thereon in the courts of this state.

The case has some queer angles to it, both in the facts of the transactions involved as well as in the proceedings to recover thereon. But this court will not concern itself with those immaterial incongruities, since they cannot control over the material facts that appellant concededly executed the note in favor of appellee for a valuable consideration fully performed.

██ The note was given as consideration for an automobile. The evidence seems to point almost conclusively to the fact that W. G. Hecht individually was the owner of the car and personally sold it to appellant, taking in payment therefor appellant's note payable to "W. G. Hecht, Inc." During the progress of the suit, Hecht, the individual, sought to intervene and substitute himself as plaintiff and recover upon the note. The court refused to allow the intervention, but Hecht does not complain thereat, and is not before this court, and appellee is not in a position to complain; and as Hecht chose that method of securing himself in the transaction, he should be bound by it.

██ Appellant complains that judgment was rendered against the sureties on her replevy bond, although they were not made formal parties to the suit. Such formality was not necessary under the statute. Article 302, R. S. 1925.

Regardless of the grotesque features of the proceedings, substantial justice has been administered, and the judgment is affirmed.